BOROUGH OF HASBROUCK HEIGHTS IN THE COUNTY OF BERGEN, ETC., PLAINTIFF-APPELLANT, v. DIVISION OF TAX APPEALS, STATE OF NEW JERSEY AND BOULEVARD APARTMENTS, INC.. ETC., DEFENDANTS-RESPONDENTS.

BOROUGH OF HASBROUCK HEIGHTS IN THE COUNTY OF BERGEN, ETC., PLAINTIFF-APPELLANT, v. DIVISION OF TAX APPEALS, STATE OF NEW JERSEY AND SKYLINE APARTMENTS, INC., ETC., DEFENDANTS-RESPONDENTS.

Argued December 17, 1963—Decided February 17, 1964

*Mr. Ralph W. Chandless* argued the cause for plaintiff-appellant (*Messrs. Chandless, Weller & Kramer,* attorneys; *Mr. Chandless,* of counsel).

*Mr. Herbert C. Klein* argued the cause for defendants-respondents, Boulevard Apartments, Inc., and Skyline Apartments, Inc. (*Messrs. Kreiger & Klein,* attorneys; *Mr. Philip S. Epstein,* of counsel).

*Mr. Alan B. Handler,* Deputy Attorney General, filed "Statement In Lieu of Brief" on behalf of defendant-respondent, Division of Tax Appeals, Department of Treasury, State of New Jersey (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

The opinion of the court was delivered by

SCHETTINO, J.   Plaintiff Borough appealed to the Appellate Division from certain summary judgments of the Division of Tax Appeals based upon the determination that the Freeze Act (*N. J. S. A.* 54:2–43) precluded plaintiff from reassessing for the years 1961 and 1962 the corporate respondents' real property following final judgment by the Division determining the 1960 taxes on the same properties.   Before argument in the Appellate Division, we certified the cause on our own motion.

The properties here involved are three multi-family apartment buildings.   The taxpayers appealed from the 1960 assessments to the Bergen County Board of Taxation which reduced the assessments.   The Borough appealed to the Division of Tax Appeals which heard testimony from both sides. The Borough's witness, an accountant, testified, over objection, not as a real estate expert, but as a member of the Borough's board of assessors.   His opinions were accorded very little weight because of his lack of competence in this area and because he admittedly did not know the true value of the property.   The Division noted that the taxpayers' real estate expert gave "clear and lucid" testimony of the true value of the property, found that the testimony preponderated in favor of the taxpayers and dismissed the appeal.   The Borough appealed to the Appellate Division which affirmed the judgments, stating in part that "The Borough's proof before the

Division of Tax Appeals in support of its appeals failed to satisfy its procedural burden of overcoming the presumption in favor of the correctness of the county board judgments by adducing 'sufficient competent evidence to the contrary.' *City of Passaic v. Botany Mills,* 72 *N. J. Super.* 449, 454 (*App. Div.* 1962)." We denied the Borough's petition for certification on September 17, 1962, 38 *N. J.* 315 (1962).

By that date the Borough had assessed the properties in the same amounts for the tax years 1961 and 1962 as it had for 1960. On the taxpayers' appeal to the Bergen County Board of Taxation, the 1961 and 1962 assessments were reduced to the 1960 amounts. On appeal to the Division of Tax Appeals, the Borough contended that the reduced assessments were "less than the true value of such property" and "below the percentage of full value of assessment of comparable property in the Borough." In opposition to the taxpayers' motions for summary judgments, the Borough filed affidavits showing that on October 19, 1962 it had engaged experts who had reappraised all the property in the Borough and whose appraisals indicated that defendants' properties should have been assessed at still different figures in between those of the county board and of the Borough's assessor. The Division of Tax Appeals granted taxpayers a summary judgment on the grounds that, under the Freeze Act, the 1960 proceedings and determinations precluded higher assessments for 1961 or 1962.

The issues are as follows: (a) Does the Freeze Act (*N. J. S. A.* 54:2–43), apply to the present proceedings? (b) Does the application of the Freeze Act violate (1) *Article* VIII, § 1, *pars.* 1, 2 of the New Jersey Constitution which provide that real property must be assessed and tax exemptions granted only by general laws, and (2) *Article* VIII, § 3, *pars.* 2, 3 of the New Jersey Constitution which forbid donations of public funds to private corporations?

At oral argument, the Borough contended for the first time that the Freeze Act violated the fourteenth amendment of the United States Constitution.

The Freeze Act provides:

"Where a judgment final has been rendered by the Division of Tax Appeals in the State Department of Taxation and Finance involving real property such judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to such appeal, for the assessment year and for the 2 assessments years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. Where such changes are alleged, the petition of appeal shall specifically set forth the nature of the changes relied upon as the basis for such appeal. However, the conclusive and binding effect of such judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation of all real property within the district has been put into effect."

*Chapter* 36, § 2 of the *Laws of* 1957, at *page* 67, added the last sentence to this section. The Statement attached to the bill (Senate Committee Substitute for *Assembly No.* 369, adopted March 25, 1957) states: "The purpose of the amendments * * * is to nullify the 'freeze' for the year in which a program for the complete revaluation of all real property within the district has been put into effect, * * *." Obviously, the Borough's reappraisal was not in existence when the 1961 and 1962 assessments were made.

The Freeze Act provision pertaining to judgments of the State Division of Tax Appeals was enacted under *Chapter* 161, *Laws of* 1946, as *section* 14. An almost identical provision, *section* 18 of the same act, freezes judgments of the county boards of taxation in those cases in which no appeal is taken to the State Division of Tax Appeals, *N. J. S. A.* 54:3-26.

In *Riverview Gardens Section One v. Borough of North Arlington,* 9 *N. J.* 167, 173 (1952), we said:

"An assessment that is either too high or too low may be 'frozen' under the cited statutes and remain so for the statutory period unless there were *changes* in the value of the property 'after the assessment date.' "

In *City of Newark v. Fischer,* 8 *N. J.* 191, 199–200 (1951), involving the parallel provision concerning county tax board judgments we pointed out that:

"The evil which the 'freeze' statute sought to remedy was repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board."

Conceding the impact of these authorities, the Borough nevertheless argues that the Freeze Act was not intended to be binding if the judgments were based on technical or procedural defects and that the 1960 judgments of the Division of Tax Appeals and the affirmances thereof in the Appellate Division should not be binding for 1961 and 1962 because these judgments stemmed from the Borough's failure to satisfy the "procedural" burden in not overcoming the presumption in favor of the county board's judgments.

The question of whether the act would operate in the case of a judgment based on a procedural defect is of no moment to the instant situation as it is clear from the record that the Division of Tax Appeals' 1960 determinations were rendered after holding a judicial-type hearing at which both the Borough and taxpayers presented evidence. The Division not only found that the Borough failed to carry its burden of proof in not producing any substantive testimony in support of its claims, but its decision was also based on the testimony of the taxpayers' experts. Finally, after receiving and weighing the evidence submitted by the Borough and taxpayers, the Division dismissed the appeal. Thus, the Borough may not relitigate the 1960 assessments issues in the 1961 and 1962 appeals merely because it has obtained additional—or better—evidence.

The Borough contends that the Freeze Act is violative of *Article* VIII, § 1, *pars.* 1, 2 of the State Constitution in that it is other than a general law. *Paragraph 1* provides that property may be assessed for taxation only "under gen-

eral laws and by uniform rules," while *paragraph* 2 permits "exemption from taxation * * * only by general laws." The argument is without merit. In *Harvey v. Essex County Board of Chosen Freeholders,* 30 *N. J.* 381, 389 (1959) we said:

"In deciding whether an act is general or special, it is what is excluded that is the determining factor and not what is included. *Budd v. Hancock,* 66 *N. J. L.* 133, 135–136 (*Sup. Ct.* 1901). If no one is excluded who should be encompassed, the law is general. Another requirement of a general law is that it must affect equally all of a group who, bearing in mind the purposes of the legislation, are distinguished by characteristics sufficiently marked and important to make them a class by themselves."

As previously stated, the legislative purpose of the Freeze Act is to eliminate the harassment of requiring yearly appeals to be taken to the county and state tax boards when there has been no change in the value of the property. *Cf. City of Newark v. Fischer, supra,* 8 *N. J.,* at *p.* 195. This protection afforded by the act is not limited to one class of property owner but is available to any such taxpayer once there has been a final judgment by the State Division of Tax Appeals affecting his property. As the Freeze Act favors no one class of taxpayers over another, but is available to all taxpayers equally, the legislative classification is clearly reasonable, and the act is unquestionably a general law. See *Kline v. New Jersey Racing Comm.,* 38 *N. J.* 109, 117-118 (1962).

The Borough also attacks the constitutionality of the Freeze Act by alleging that its application will result in a donation of public funds to a private corporation in violation of *Article* VIII, § 3, *pars.* 2, 3 of the State Constitution. The Borough does not claim that there has been any increase in the value of properties since the 1960 judgments, but urges that experts not introduced by it at that trial would establish substantially higher values than those determined under the prior judgments. Thus, the Borough's gift argument seems to boil down to the fact that the respondent corporations are receiving gifts because the municipality is precluded

by the act from relitigating the same issues covered by the earlier judgments. Such reasoning is obviously fallacious. It certainly could not be suggested that the Freeze Act impairs any of the municipality's vested rights or deprives it of any remedies. *Cf. Wilentz v. Hendrickson,* 133 *N. J. Eq.* 447 *(Ch.* 1943), affirmed 135 *N. J. Eq.* 244 *(E. & A.* 1944). The Borough had full opportunity to introduce at the original hearing before the State Division of Tax Appeals the same or other experts. It neglected to do so, and relied instead on an unqualified "expert" who was an accountant. That the act's effect is to prohibit for two years such a relitigation on the very same issues covered by the prior judgment whenever the municipality comes up with a new appraisal in no accepted sense amounts to a gift or donation. See *Eureka Printing Co. v. Division of Employment Security, Department of Labor and Industry,* 21 *N. J.* 383, 394–96 (1956). Moreover, in view of the numerous decisions upholding the Freeze Act, the Borough must have been aware at the hearing before the State Division that it would be bound by the judgment of that agency for 1961 and 1962 as well as for 1960.

Finally, although the Borough did not suggest the question in its brief, it raised one other constitutional issue at oral argument by alleging the Freeze Act to be discriminatory in violation of the equal protection clause of the Fourteenth Amendment. The Borough urged for the first time that the act discriminates against the municipality in that it fails to provide that the taxpayer will also be bound for the three years by a final judgment of the Division of Tax Appeals. An examination of the legislative history of the act reveals that its *raison d'etre* was the protection of the taxpayer, not the municipality. See "Report of the Examination and Investigation of the Management of the Affairs of the State Board of Tax Appeals," conducted by Honorable Frank J. Murray to Governor Edge, May 28, 1945; also see "Statements" attached to the following bills which sought to repeal or amend the Freeze Act: *Assembly No.* 221 (1954); *Assembly No.* 359 (1955); *Assembly No.* 610 (1956); *As-*

*sembly No.* 369, *Chapter* 36 (1957). However, the fact that the act binds the municipality and not the taxpayer, does not render it constitutionally infirm. The State, through the Legislature, may unquestionably enact a statutory provision which benefits the taxpayer even though such a provision does not run in favor of the State. *Cf. California Employment Stabilization Comm. v. Payne,* 31 *Cal.* 2d 210, 187 *P.* 2d 702, 705 (*Sup. Ct.* 1947).

Affirmed.

*For affirmance* — Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANE-MAN—7.

*For reversal*—None.