NORMAN L. SIROTA, PLAINTIFF, v. TOWNSHIP OF
HOWELL, DEFENDANT.

Tax Court of New Jersey

April 28, 1980.

*Alexander B. Iler* for plaintiff (*Maxwell X. Colby*, of counsel and on the brief).

*William P. Gilroy* for defendant.

LASSER, P. J. T. C.

This is a motion by the taxpayer seeking a judgment of the Tax Court applying the Freeze Act *N.J.S.A.* 54:2–43 ("Freeze Act") for the years 1974 and 1975 to the judgment of the Division of Tax Appeals in the Department of the Treasury rendered for the year 1973.

The municipality concedes that the taxpayer's property qualified for farmland assessment for the years 1973, 1974 and 1975. The taxpayer contested the farmland assessment valuation on ten parcels of land for the year 1973. The Monmouth County Board of Taxation affirmed the 1973 assessments and the taxpayer appealed to the Division of Tax Appeals. No appeals were filed with the Division of Tax Appeals for the years 1974 or 1975. The matter was heard by Judge Carmine F. Savino of

the Division of Tax Appeals. The issues before Judge Savino were the size and valuation of the farmland.

Judge Savino determined that the taxpayer's land sizes were correct. He determined that the municipality's valuation per acre was correct. In accordance with Judge Savino's opinion, a judgment was rendered by the Division of Tax Appeals on April 12, 1979. The original 1973 assessments and the assessments as revised by the judgment of the Division of Tax Appeals are as set forth below:

| Docket No. | Block and Lot | Original 1973 Land Assessment | 1973 Division of Tax Appeals Judgment |
|---|---|---|---|
| L 4346–73 | Bl. 224, Lot 33Q | $1,900 | $3,220 |
| L 4344–73 | Bl. 224, Lot 31Q | 1,700 | Petition Dismissed |
| L 4339–73 | Bl. 224, Lot 10Q | 22,800 | 2,300 |
| L 4340–73 | Bl. 224, Lot 11Q | 500 | 100 |
| L 4338–73 | Bl. 223, Lot 11 | 21,700 | 6,100 |
| L 4337–73 | Bl. 223, Lot 9 | 2,300 | 2,400 |
| L 4345–73 | Bl. 224, Lot 32Q | 4,400 | 4,020 |
| L 4343–73 | Bl. 224, Lot 30Q | 1,700 | 1,400 |
| L 4342–73 | Bl. 224, Lot 29Q | 3,600 | 200 |
| L 4341–73 | Bl. 224, Lot 28Q | 5,300 | 4,300 |

NOTE: Block 223, Lot 9 also includes an assessment for improvements, which is not in contest.

The taxpayer in pursuing this motion contends that since the ten parcels of land were qualified as farmland for the years 1974 and 1975, a fact which the municipality does not dispute, the taxpayer is entitled to the benefit of the Freeze Act for the years 1974 and 1975 based upon the 1973 Division of Tax Appeals judgment. The municipality contends that the Freeze Act does not apply to farmland assessments and that the taxpayer was required to file petitions of appeal for the years 1974 and 1975 to the appropriate administrative agencies. The municipality argues that failure so to do deprived the taxpayer of the right to be assessed for 1974 and 1975 at the same farmland valuations found by the Division of Tax Appeals for the year 1973.

Under the Farmland Assessment Act, land is valued at its farmland value rather than at its full value in its highest and best use. *N.J.S.A.* 54:4–23. Qualification for farmland assessment depends upon compliance with statutory requirements of use and sales of agricultural or horticultural products. *N.J.S.A.* 54:4–23.1, *et seq.* Thus the Act involves a two step procedure, first, a determination of the qualified status and, second, the valuation of the property as farmland. The Freeze Act cannot be applied to grant qualification for farmland assessment status in succeeding years based upon such status in the base year for the freeze. The taxpayer must meet the status requirements in each year without the benefit of the application of the Freeze Act as in exemption cases. *Boys Club of Clifton, Inc. v. Township of Jefferson*, 72 *N.J.* 389, 371 A.2d 22 (1977). However, once qualified for farmland assessment, the issue of valuation arises. Valuation is an issue which is encompassed by the Freeze Act. If there is no change in value and if there has been no municipal wide revaluation, assessment valuations once determined for the base year are applicable for the two succeeding years. *Union Terminal Cold Storage Co. v. Spence*, 17 *N.J.* 162, 110 A.2d 110 (1954).

The Freeze Act was adopted in order to avoid harassment of taxpayers. *Hasbrouck Heights v. Div. of Tax Appeals*, 41 *N.J.* 492, 197 A.2d 553 (1964). Its practical use in recent years has been to relieve the taxpayer of the obligation to file petitions of appeal to the county tax board and to the Division of Tax Appeals in each of the two succeeding years where there has not yet been a determination on the first year for which review is sought. Because of the backlog of cases in the Division of Tax Appeals in recent years, several years have usually passed before there is a final determination in an action to review a real property tax assessment. During these succeeding years the municipal assessor has customarily continued the same valuation assessment and, were it not for the Freeze Act, the taxpayer would have to file petitions for each of the two successive years to the two administrative agencies and thus incur the costs and filing fees because of the delay in obtaining a final determination.

 The goals of the Freeze Act, to avoid harassment of taxpayers and to relieve taxpayers of the expense of filing petitions for the two succeeding years, are equally as applicable to the valuation aspect of farmland assessment cases as to cases involving the valuation of other types of property. As was stated in *Hasbrouck Heights, supra,*

> . . . the legislative purpose of the Freeze Act is to eliminate the harassment of requiring yearly appeals to be taken to the county and state tax boards when there has been no change in the *value* of the property . . . .. *This protection afforded by the act is not limited to one class of property owner but is available to any such taxpayer once there has been a final judgment by the State Division of Tax Appeals affecting his property. As the Freeze Act favors no one class of taxpayers over another, but is available to all taxpayers equally* . . . .. [at 498, 197 A.2d at 556; emphasis supplied].

No purpose would be served by requiring farmland assessment taxpayers to file petitions of appeal to the administrative agencies for the two successive years where farmland qualification status is not in issue. When the only issue is value, the municipality can prevent the application of the Freeze Act in the same manner it would if the land were not farmland but residential, commercial or industrial, by establishing either of the two exceptions contained in the Freeze Act. There is no extra burden on the municipality and there is no reason to place an additional burden on a farmland qualified taxpayer.

 The municipality contends that the Farmland Assessment Act in *N.J.S.A.* 54:4–23.13 links the words "valuation, assessment and taxation" in the paragraph requiring the filing of an application for each tax year. The municipality contends that this indicates an intention upon the part of the Legislature that valuation as well as qualification must be determined anew each year and, therefore, that the Freeze Act cannot apply to the 1973 judgment. It is the assessor's obligation, pursuant to *N.J.S.A.* 54:4–23, to determine valuation and assessment of all property within the municipality each year, including farmland property. This obligation to assess each year does not prevent the application of the Freeze Act to other classes of property. There is no reason for the Freeze Act not to apply in the case at bar.

■ The Legislature has provided exceptions to the application of the Freeze Act in the case of changes in value of the property occurring after the assessment date or a complete revaluation. If any facts set forth in the farmland assessment application, or otherwise, indicate that the property has changed in value, the exceptions to the Freeze Act will permit the assessor to take action to change the assessment in any succeeding year.

■ We conclude that the provisions of *N.J.S.A.* 54:2–43 are applicable to property assessed under the Farmland Assessment Act where an application for farmland assessment has been timely filed for the two succeeding years, where the municipality grants qualification for farmland assessment status for both years and where the sole issue is the question of the proper valuation of the farmland property.

At the time of the hearing of the motion the Court informed counsel that it would determine the issue of whether the Freeze Act applied to farmland assessment property and that, if the decision of the Court were in the affirmative, it would give the municipality an opportunity to raise the issue of whether the value of the property changed from October 1, 1972, the valuation date for the 1973 tax year, to October 1, 1973 or October 1, 1974, the valuation dates for the two succeeding tax years. Counsel for the municipality will inform the Court within fifteen days whether the municipality wishes to present evidence of a change in value applicable to the two succeeding tax years. In the absence of such request, judgment will be entered applying the provisions of *N.J.S.A.* 54:2–43 to the 1973 judgment of the Division of Tax Appeals. This judgment will reduce the assessments for 1974 and 1975 on the seven parcels for which the Division of Tax Appeals granted reductions for the 1973 tax year. The 1973 judgment increased the assessments on two parcels. The taxpayer had requested the same action for all ten parcels for 1974 and 1975 as was granted by the Division of Tax Appeals for the year 1973. Therefore there will be included in the judgment for 1974 and 1975 the same increases in assess-

ment for the two increased parcels as were granted in the 1973 judgment.