HOPKINS, J. T. C.
Plaintiff has brought a motion under the freeze statute (N.J. S.A. 54:2-43) to freeze a Tax Court judgment entered for the tax year 1978 which determined an assessment of $617,645 applicable to Block 226, Lots 3 and 4, in the taxing district of Kearny. That assessed value was based on the application of the applicable chapter 123 ratio to the stipulated true value of $1,260,500. N.J.S.A. 54:l-35a.
Defendant argues that the 1978 judgment should not be frozen for the years 1979 and 1980 because the 1978 judgment was predicated on a chapter 123 average ratio of assessment to true value of 49%, whereas the chapter 123 average ratios for 1979 and 1980 were 60% and 55%, respectively. Basically, defendant’s position is that the exception to the operation of the freeze statute allowing changes in the assessment based on “changes in the value of the property occurring after the assessment date” should be read to refer to both changes in true value and changes in the assessment value based on changes in the average ratio promulgated under chapter 123. That is, even if the true value of the property remains the same, as defendant admits here, the assessed value may be altered based upon a change of the applicable average ratio of assessed to true value.
The freeze statute applicable to Tax Court judgments reads as follows:
Where a judgment final has been rendered by the tax court involving real property such judgment shall be conclusive and binding upon the municipal assessor and the taxing district, parties to such proceeding, for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment, except as to changes in the value of the property occurring after the assessment date. Where such changes are alleged, the complaint shall specifically set forth the nature of the changes relied upon as the basis for such appeal. However, the conclusive and binding effect of such judgment shall terminate with the tax year immediately preceding the year in which a program for a complete revaluation of all real property within the district has been put into effect. [N.J.S.A. 54:2-43].
In Newark v. Fischer, 8 N.J. 191, 84 A.2d 547 (1951), in dealing with N.J.S.A. 54:3-26, the corresponding statute, the court emphasized the purpose of the freeze statute as follows:
*497 . .. [Tjhe evil which the “freeze” statute sought to remedy was repeated yearly increases in the assessed value of property, not related to or justified by any changes increasing its market value, and resulting in harassment of the taxpayer, subjecting him to the trouble and expense of annual appeals to the county tax board.... [at 199-200, 84 A.2d 547; emphasis supplied]
Continuing in the same vein of confining the defense to a freeze to a change in market value, the Supreme Court, in Riverview Gardens v. North Arlington, 9 N.J. 167, 87 A.2d 425 (1952), stated:
... [A]n assessment that is either too high or too low may be “frozen” under the cited statutes and remain so for the statutory period unless there were changes in the value of the property “after the assessment date ” If follows that the denial of increase or decrease in assessment during the “freeze” period is a mere determination that no change in value of the property occurred after the assessment date for the base assessment year, and is not a determination that the assessment for that base year (or for the subsequent assessment year to which the determination is directed) is a true valuation of the property within the scope of the statutory standard.... [at 173]
The opinion in Hamilton Gardens, Inc., v. Hamilton Tp., 45 N.J.Super. 124, 131 A.2d 559 (App.Div.1957), stated that:
. .. [T]he unqualified reference to final judgment, in association with the remainder of the text, clearly contemplates imposition of the mandatory period of repose following determination on the merits of an attack on the valuation of real property for assessment purposes, [at 127, 131 A.2d 559]
The court clearly had in mind, by its reference to Switz v. Middletown Tp., 23 N.J. 580, 130 A.2d 15 (1957), the difference between full true value and assessment value as a percentage thereof. It expressly declined to limit the freeze statute to those judgments which fixed true value.
The nonstatutory exceptions to the freezing of an assessment are those that deal with the tax status of the property, such as exemption, Newark v. Fischer, supra, or farmland, Sirota v. Howell Tp., 1 N.J. Tax 280 (Tax Ct.1980). Those exceptions do not support the assertion that the freeze statute only freezes true value and not assessment value.
The freeze statute makes an unqualified reference to judgment final and contains equally clear exceptions. Defendant’s interpretation would give the statute an unnecessarily narrow effect which could result in yearly changes not related to changes in market value, the evil to which the statute was *498 directed. Fischer, ibid. Defendant’s proposed interpretation would create an .exception that would swallow the rule and would go beyond a clear pronouncement of the State’s highest court.
Defendant also argues that the enactment of N.J.3.A. 54:2-40.4 (part of chapter 123 of the Laws of 1973, as amended) which provided for a method of ascertaining a statutory common level for assessment purposes, should be interpreted to require the applicable common level to be applied to a true value carried forward from the base year.
Chapter 123 was the legislative remedy for unequal assessments through the utilization of the Director’s average ratios. Tomkins Tidewater Terminal v. Kearny, 1 N.J.Tax 590, 596 (Tax Ct.1980).
Prior to 1978, the first tax year affected by chapter 123, the courts had been applying a common level ratio or, in the absence thereof, the Director’s average ratio, to grant relief from an unconstitutional discriminatory assessment. Appeals of Kents, 34 N.J. 21, 166 A.2d 763 (1961). Chapter 123 created a statutory formula which eased the burden of showing unconstitutional discrimination. While it so eased the taxpayer’s burden, it did not amend either explicitly or implicitly the freeze statute which continued to operate in the same manner, whether the base year’s assessment was modified by either a judicially imposed common level ratio or Director’s average ratio as distinguished from the statutorily imposed common level ratio provided by chapter 123 commencing in 1978. As such, chapter 123 did not alter the application of principles utilized for nonchapter 123 years.
As the defendant’s objection to the entry of a freeze statute judgment for 1979 and 1980 was based solely on the legal argument that the court was required to apply chapter 123 ratios to the agreed true value for those years, plaintiff’s motion will be granted.
*499 In moving for application of the freeze statute, plaintiff elected that remedy as distinguished from a trial on the merits of the assessments. Accordingly, the granting of the motion effectively disposes of the case. Ajamian v. Schlanger, 14 N.J. 483, 103 A.2d 9 (1954), cert. den. 348 U.S. 835, 75 S.Ct. 58, 99 L.Ed. 659 (1954); Jersey City v. Hague, 18 N.J. 584, 115 A.2d 8 (1955).
A judgment will be entered providing that the assessment for 1978 shall remain in effect for the tax years 1979 and 1980.