LARIO, J. T. C.
This is a motion for summary judgment to dismiss taxpayer’s complaint which raises the question: Does failure to file, within the time prescribed, applications for farmland assessment for subsequent years, constitute a change in use under the Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq., which would trigger rollback taxes?
For the tax year 1977 plaintiff filed an application for a farmland assessment. It was denied by Wayne Township’s assessor and upon review by the county board the denial was affirmed, resulting in this appeal.
*384 The taxpayer, assuming that the final determination of this claim for a farmland assessment for the tax year 1977 would be binding against the municipality for subsequent years, did not file any applications for the following years. This assumption by the taxpayer was incorrect. The Legislature has mandated that eligibility of land to be assessed pursuant to the Farmland Assessment Act depends upon its satisfying all of the qualifications enumerated therein, which includes “[application by the owner of such land for valuation.. .submitted on or before August 1 of the year immediately preceding the tax year to the assessor... .” N.J.S.A. 54:4-23.6. Thus, failure to timely file a farmland application disqualifies land from receiving a farmland assessment. Galloway Tp. v. Petkevis, 2 N.J.Tax 85 (Tax Ct.1981).
In addition, the benefits of the Freeze Act, N.J.S.A. 54:2 — 43, do not apply to farmland assessments. Eligibility of land for farmland valuation “shall be determined for each tax year separately.” N.J.S.A. 54:4 — 23.13. “The taxpayer must meet the status requirements in each year without the benefit of the application of the Freeze Act as in exemption cases. Boys Club of Clifton, Inc. v. Jefferson Tp., 72 N.J. 389, 371 A.2d 22 (1977).” Sirota v. Howell, Tp., 1 N.J.Tax 280, 284 (Tax.Ct.1980). For the same reasons, res judicata does not apply.
Since the taxpayer is deprived of receiving a farmland assessment for the tax years 1978 and 1979, defendant contends that the rollback provisions of N.J.S.A. 54:4-23.8 are mandatory. Based thereon, defendant claims that even if plaintiff were successful in the present 1977 appeal, he would, nevertheless, lose the benefits thereof, which in effect renders this 1977 appeal for a farmland assessment moot.
Defendant misreads the provisions of N.J.S.A. 54:4-23.8, which provides, in pertinent part:
When land which is in agricultural or horticultural use and is being valued, assessed and taxed under the provisions of this act, is applied to a use other than agricultural or horticultural, it shall be subject to additional taxes, hereinafter referred to as rollback taxes. [Emphasis supplied]
To accept defendant’s interpretation of the statute would require that a rollback assessment be triggered whenever a *385 taxpayer receiving the benefits of a farmland assessment fails in subsequent years to satisfy all of the qualifications required by the act. If defendant’s version constituted the intent of the Legislature, the latter could very easily have expressed it by mandating a rollback whenever, in any year, the land “failed to qualify for a farmland assessment.”
Defendant’s interpretation is further refuted by N.J.S.A. 54:4-23.5, wherein the Legislature provided:
Land previously qualified as actively devoted to agricultural or horticultural use under the act; but failing to meet the additional requirement on acreage above five acres shall not be subject to the roll-back tax because of such disqualification, but shall be treated as land for which an annual application has not been submitted.
It is clearly ascertainable therefrom that the Legislature did not intend that mere failure to qualify for a farmland assessment would automatically subject land to a rollback assessment.
It is possible for a landowner to own property which he is actively devoting to agricultural or horticultural use and yet not receive a farmland assessment by reason of his failure to file an application therefor.
The denial of a farmland assessment based upon failure to timely file in a case where the farmland is unquestionably actively devoted, is an extreme penalty to impose upon a farmer. To add thereto a mandatory rollback of two years when there has been no change in its agricultural or horticultural devotion would unduly penalize an errant farmer and could be financially devastating to him. It is clear from N.J.S.A. 54:4-23.5 that the Legislature never intended such a result.
In Jackson Tp. v. Paolin, 3 N.J.Tax 39, 47 (Tax Ct.1981), this court held: “This statutory language [N.J.S.A. 54:4-23.8] requires imposition of rollback taxes when land ‘is applied to a use other than agricultural or horticultural.’ The statute also refers to ‘the year of the change in use.’ These terms are used as equivalents.” The phrases, “applied to use other than agricultural or horticultural” and “change in use” contemplate a change in the devotion of the land.
*386 Failure to file an application for a farmland assessment is a procedural defect and standing alone does not constitute a change in use as contemplated by N.J.S.A. 54:4 — 23.8.[1]
Even though the land may not qualify in a subsequent year for a farmland assessment because it has failed to meet all the statutory requirements to classify it as actively devoted (such as insufficient income, N.J.S.A. 54:4-23.5; illness of the farmer resulting in a temporary inactivity of the land; or, as here, failure to timely file an application), rollback taxes are not triggered until the land is no longer devoted to an agricultural or horticultural use.
The municipality further claims that it is incumbent upon the taxpayer to establish that a change of use has not occurred. This contention is incorrect. The burden of proof to establish that a change of use has occurred is upon the party claiming same. It is a factual question to be decided at a full hearing and its determination is premature for this motion.
Defendant’s motion for summary judgment is denied.

Compare Galloway, supra, where the taxpayer failed to file a farmland application by reason of alleged physical and mental problems. Although in that matter the farmland assessment was denied for the tax year in question, it was granted in prior and subsequent years for which the applications were timely filed.