LARIO, J.T.C.
By prior opinion of this court, Belmont v. Wayne Tp., Docket L1127-77 (Tax Ct.1981) (letter opinion, December 16, 1981), it was determined that for the tax year 1977 plaintiffs were entitled to a farmland assessment on premises known as Lot 9 and Lot 9-A. The original assessment, which was affirmed by the Passaic County Board of Taxation, was as follows:
Lot 9 Lot 9-A
Land $ 59,400 $58,800
Improvements $ 88,400 -0-
Total $147,800 $58,800
Lot 9 consisted of 3.92 acres and included the homestead; Lot 9-A consisted of 3.78 acres and was totally farmland. The aforesaid opinion directed defendant’s assessor to allocate the acreage to which the homestead was entitled and set forth its regular assessment and to assess the balance of the land in accordance with the Farmland Assessment Act of 1964 (Farmland Act), N.J.S.A. 54:4-23.1 et seq. Defendant was further required to notify plaintiffs and the clerk of this court of the resulting assessments so that a proper judgment could be entered.
Based upon said determination defendant’s tax assessor allocated and assessed the 7.70 acres of Lots 9 and 9-A as follows:
Lot 9 (one acre)
(homestead-
nonfarmland)
Land
Improvements
Total
$ 40,000
88,400
$128,400
Lot 9-Q (2.92 acres) (farmland)
2,100
-0-
2,100
Lot 9-A-Q (3.78 acres) (farmland)
2.700
-0-
2.700
Plaintiffs accepted the allocation of one acre of Lot 9 as nonfarmland homestead, the remainder of 2.92 acres (changed to Lot 9-Q) as farmland and the allocation of 3.78 acres of Lot 9-A (changed to Lot 9-A-Q) to farmland. They also accepted the *113 farmland assessments of $2,100 applied to Lot 9-Q and $2,700 applied to Lot 9-A-Q. However, they filed an objection to the allocation of a value to land attributed to the homestead, which came to $40,000 an acre.
At trial, after submission of experts’ reports, a settlement conference was held which resulted in a settlement and judgments were entered for the tax year 1977 as follows:
Lot 9 (one acre) Lot 9-Q (2.92 acres) Lot 9-A-Q (3.78 acres)
Land $ 34,000 2,100 2,700
Improvements 88,400 -0- ~0_
Total $122,400 2,100 2,700
Plaintiffs thereafter moved for the application of N.J.S.A. 54:2-A3 (Freeze Act) to the tax years 1978 and 1979. This motion was opposed by defendant on the ground that the Freeze Act is not applicable to farmland assessment. Defendant alleges plaintiffs’ original complaint was an appeal from a judgment of the county board of taxation denying plaintiffs’ application for a farmland assessment for the tax year 1977, and since it was a farmland assessment appeal, defendant contends that the binding effect of the freeze statute is inapplicable.
For the purposes of the present motion the parties stipulated the following:
1) The above 1977 tax year judgment was final and no appeal would be filed.
2) There was no change in value of the subject property nor was there any revaluation put into effect in Wayne Township between October 1, 1976 and October 1, 1978.
3) No application for farmland assessment was filed for either the tax year 1978 or the tax year 1979.
4) The assessments placed on both lots for both years were identical to the original 1977 assessments.
For a clearer understanding of the issues presented, a brief history of this case is as follows:
*114 The taxpayers filed an appeal from the assessor’s denial of the farmland application for the tax year 1977 which was denied by the county board. An appeal from that judgment was filed with the former Division of Tax Appeals. Not having been heard by the Division by July 1, 1979, the matter was transferred to this court by operation of N.J.S.A. 2A:3A-26.
For the tax years 1978 and 1979 the municipality carried over its full nonfarmland 1977 assessments on both lots. Since the appeal was pending during the years 1978 and 1979, the taxpayers were under the impression that the Freeze Act would apply to a farmland assessment judgment; therefore, they did not file applications for farmland assessment, nor did they appeal from the regular valuation assessments for those years. Prior to the trial of the 1977 appeal the township made a motion for summary judgment, claiming that failure to file the farmland .assessment applications for the years 1978 and 1979 automatically triggered the rollback provisions of the Farmland Assessment Act, thereby making plaintiffs’ 1977 appeal moot. Defendant’s motion was denied, it being held that mere failure to file an application does not necessarily establish that a change of use has occurred, as required by N.J.S.A. 54:4-23.8, the rollback statute. Belmont v. Wayne Tp., 3 N.J.Tax 382 (Tax Ct.1981). Thereafter a full trial was held on the issue of farmland assessment, which resulted in this court’s determination in .the Belmont letter opinion, supra, granting a farmland assessment.
It now must be determined what effect, if any, the freeze statute has on the 1977 judgment entered herein. A judgment granting a farmland assessment cannot be utilized to freeze farmland assessments for the two subsequent years. In order to qualify for farmland assessment the property must comply with specified constitutional and statutory requirements. Both the New Jersey Constitution and the Farmland Act necessitate, among other requirements, that the land be actually devoted to agricultural or horticultural use. N.J. Const. (1947), Art. VIII, § I, par. 1; N.J.S.A. 54:4-23.1 et seq. Additionally, N.J.S.A. 54:4r-23.13 provides that “[eligibility of land for valúa *115 tion, assessment and taxation under this aet shall be determined for each tax year separately,” and an application is to be submitted yearly.
Also, the freeze statute provides that it is to apply to final judgments which are based upon valuation. Boys’ Club of Clifton, Inc. v. Jefferson Tp., 72 N.J. 389, 371 A.2d 22 (1977). There our Supreme Court stated:
Boys’ Club had filed a cross appeal for the years 1973 and 1974, but no appeals had been taken from the assessments for those years and the Appellate Division dismissed the cross appeals. In our opinion appeals should have been taken for each of those years. Although no appeal would have been necessary under the “freeze” statutes, N.J.S.A. 54:2-43 and N.J.S.A. 54:3-26, those acts provide that the judgment with respect to valuation in one year “shall be conclusive and binding ... for the assessment year and for the 2 assessment years succeeding the assessment year covered by the final judgment.... ” Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162 [110 A.2d 110] (1954). No such provisions are found in the statutes involving tax exempt status. The duty of the municipal assessor to obtain a statement from the owner concerning the exempt status of the property every three years, N.J.S.A. 54:4-4.4 does not excuse the owner from filing an appeal, even though a judgment of exemption had been entered for the prior year, [at 405, 371 A.2d 22.]
Accordingly, the freeze statute, N.J.S.A. 54:2-43, does not apply to judgments granting farmland assessments; therefore, for the tax years immediately following the judgment tax year, the freeze statute does not relieve the owner from filing an annual application nor does it excuse him from filing an appeal from a denial of a farmland assessment.
However, this conclusion does not completely dispose of the present motion. The issue remaining to be decided is whether that portion of the judgment applicable to the one acre assigned to the homestead is entitled to the benefits of the Freeze Act. This one acre, together with the balance of the acreage, was regularly assessed for the tax years 1978 and 1979. When there is entered a judgment final of an assessment based upon a property’s true value, as required by N.J.S.A. 54:4-23, the Freeze Act provides that the judgment is conclusive and binding for the assessment year and for the two succeeding *116 years.[1] Hasbrouck Heights v. Tax Appeal Div., 41 N.J. 492, 197 A.2d 553 (1964). The assessment covering the homestead improvements and the one acre assigned to it was adjudicated based upon their true value, as required by N.J.S.A. 54:4-23. The fact that a portion of the 1977 tax year judgment directs the application of a farmland assessment does not defeat the taxpayer’s rights under the Freeze Act, so long as the assessments can be apportioned and no part of the farmland assessment of the base year judgment is carried over to the Freeze Act judgment years.
... [T]he legislative purpose of the Freeze Act is to eliminate the harassment of requiring yearly appeals to be taken to the county and state tax boards when there has been no change in the value of the property. Cf. City of Newark v. Fischer, supra, 8 N.J. [191] at p. 195 [84 A.2d 547], This protection afforded by the act is not limited to one class of property owner but is available to any such taxpayer once there has been a final judgment by the State Division of Tax Appeals affecting his property. [Hasbrouck Heights, supra at 498, 197 A.2d 553.]
This protection is equally applicable to the true value aspect of a tax appeal final judgment even though it was originally included in a farmland assessment appeal. Compare Sirota v. Howell Tp., 1 N.J.Tax. 280 (Tax Ct.1980), where this court held:
The goals of the Freeze Act, to avoid harassment of taxpayers and to relieve taxpayers of the expense of filing petitions for the two succeeding years, are equally applicable to the valuation aspect of farmland assessment cases as to cases involving the valuation of other types of property, [at 285]
In the instant case the assessor apportioned $40,000 of the original land assessment of Lot 9 to the homestead’s one acre, which assessment was subsequently reduced by this court’s judgment for the tax year 1977 to $34,000. This reduced assessment was based upon the one acre’s true value, as directed by N.J.S.A. 54:4-23, and no part of the homestead land received a farmland assessment; therefore, the Freeze Act applied to this portion. This one acre will be separated and apportioned from the 1978 and 1979 assessments as originally placed on Lot 9, and the one acre’s reduced assessment will be frozen for the tax year 1978 and 1979 as follows:
*117 1978 and 1979 original assessments as separated and apportioned by this court:
Lot 9 (including Lot 9-Q) Lot 9-A
Land: one acre $ 40,000 58,800
2.92 acres 19,400
Improvements 88,400 -0-
Total $147,800 58,800
1977 Base Year Judgment as separated and apportioned by this court after deleting farmland assessment for purposes of applying Freeze Act:
Lot 9 Lot 9-A
Land: one acre $ 34,000 58,800
2.92 acres 19,400
Improvements 88,400 -0-
Total $141,800 58,800
The Clerk of the Tax Court is directed to enter 1978 and 1979 Freeze Year judgments as follows:
Lot 9 Lot 9-A
Land: one acre $ 34,000 58,800
2.92 acres 19,400
Improvements 88,400 -0-
Total $141,800 58,800

The statute excepts changes in value or where a revaluation has been put into effect for either of the succeeding years. The parties stipulated that neither was present.