PER CURIAM.
In these consolidated cases, plaintiffs appeal from Tax Court judgments affirming the determinations of the Middlesex County Board of Taxation to deny farmland assessments. The basis upon which the trial court reached its conclusion was articulated by *679 Judge Andrew in Ms bench decision of January 14, 1994. We affirm substantially for the reasons stated therein.
Judge Andrew’s finding “that plaintiffs are unable to prove that they have complied with the statutory deadline by committing their applications to the Postal Service no later than August 1, 1990,” was not only based upon substantial evidence in the record, Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484, 323 A.2d 495 (1974); Glenpointe Associates v. Tp. of Teaneck, 241 N.J.Super. 37, 46, 574 A.2d 459 (App.Div.), certif. denied, 122 N.J. 391, 585 A.2d 392 (1990); Southbridge Park, Inc. v. Borough of Fort Lee, 201 N.J.Super. 91, 94, 492 A.2d 1026 (App.Div.1985), but it also bespoke an eminently fair and reasonable view of the evidence. His rulings excluding the testimony of two witnesses for plaintiffs were well within Ms discretion.
We reject plaintiffs’ argument that the statutory August 1 deadline for filing farmland assessment applications, N.J.S.A. 54:4-23.13, is not mandatory, and may be discretionarily extended for reasons other than the two grounds specifically established in N.J.S.A 54:4-23.6(d). Franklin Estates v. Tp. of Edison, 142 N.J.Super. 179, 361 A.2d 53 (App.Div.1976), aff'd, 73 N.J. 462, 375 A.2d 658 (1977), upon which plaintiffs place great reliance, provides no support for their position. That case deals with a different statutory provision, N.J.S.A. 54:4-23.13b, establisMng a different deadline, enacted at a different time, to regulate a different phase of the farmland assessment process, and governed by a different set of policy considerations. We regard West Orange Tp. v. Joseph Kushner Hebrew Academy, 13 N.J.Tax 48 (Tax Ct.1993), Atlantic County New School Inc. v. Pleasantville, 2 N.J.Tax 192 (Tax Ct.1981), and Blair Academy v. Blairstoum, 95 N.J.Super. 583, 232 A.2d 178 (App.Div.), certif. denied, 50 N.J. 293, 234 A.2d 401 (1967), dealing with N.J.S.A 54:4-1.4, all of which are also relied upon by plaintiffs, in the same light to the extent they have any bearing at all.
We are satisfied that Galloway Tp. v. Petkevis, 2 N.J.Tax 85 (Tax Ct.1980), correctly analyzes the Legislature’s intendment in *680 respect of the deadline established in N.J.S.A 54:4-23.13. See also Rubenstein v. Upper Pittsgrove Tp., 12 N.J.Tax 494, 498-99 (Tax Ct.1991), Belmont v. Wayne Tp., 3 N.J.Tax 382, 384 (Tax Ct.1981) (“[F]ailure to timely file a farmland application disqualifies land from receiving a farmland assessment.”); Horrobin v. Taxation Division Director, 172 N.J.Super. 173,176, 411 A.2d 479 (Tax Ct.1979); cf. Cherry Hill Indus. Properties v. Voorhees Tp., 186 N.J.Super. 307, 313, 452 A.2d 673 (App.Div.), aff'd as modified, 91 N.J. 526,453 A.2d 850 (1982).
Furthermore, in a matter decided after all but one of the cases upon which plaintiff relies, the Supreme Court established a bright line rule.
Strict adherence to statutory time limitations is essential in tax matters, borne of the exigencies of taxation and the administration of local government.
[F.M.C. Stores Co. v. Morris Plains, 100 N.J. 418, 424, 495 A.2d 1313 (1985) (citing Galloway Tp. v. Petkevis, supra).]
Affirmed.