**NOT FOR PUBLICATION WITHOUT APPROVAL OF**
**THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



MALA SUNDAR
PRESIDING JUDGE

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609 376-3018

December 9, 2025

Jeffrey M. Hall, Esq.
Szaferman Lakind Blumstein & Blader, PC,
Attorney for Plaintiff

Michael J. Ash, Esq.
Carlin, Ward, Ash & Heiart, LLC,
Attorney for Defendant

Re: Bluestone Farms, LLC v. Township of Hopewell
Docket No. 009815-2025

Dear Counsel:

This opinion decides defendant's motion to dismiss the above-captioned complaint. Defendant contends that since plaintiff filed applications for farmland assessment for tax year 2025 one day late, defendant's assessor properly denied the requested farmland assessments. Plaintiff argues that (1) it missed the August 1, 2024 deadline due to an unforeseen illness of its managing member on that day, (2) relief is warranted under the substantial compliance doctrine since it hand-delivered the applications the next day at 8:30 a.m., and (3) it is severely prejudiced having to pay high taxes contrary to the intent of the Farmland Assessment Act, N.J.S.A. 54:4-23.1 to -23.23, of providing beneficial tax treatment to farmlands and farmers.

For the reasons stated below, the court grants defendant's motion and dismisses the complaint based solely on the facts of this case.

**FACTS AND PROCEDURAL HISTORY**

The undisputed facts are taken from defendant's motion to dismiss the complaint (which in turn are based on the relevant facts in plaintiff's complaint) and the undisputed statements in plaintiff's managing member's certifications. For context, an annual application for farmland assessment is to be filed by a property owner by August 1 of the pretax year. N.J.S.A. 54:4-23.6(c).

Plaintiff owns eight separately assessed, contiguous lots, located in defendant taxing district, Hopewell Township ("Township"). The properties are devoted to breeding Standardbred racing horses. Since 1997, plaintiff's managing member, who oversaw the preparation and filing of farmland assessment applications, annually applied for, and received farmland assessments for these lots.

Unfortunately, this did not happen for tax year 2025. This is because, during the latter part of the afternoon of August 1, 2024 (the due date for submission of the farmland assessment applications for tax year 2025), plaintiff's managing member felt unwell. He went home, took an Advil, and fell asleep until 9 p.m. He awoke, and still feeling achy, took more medication before falling asleep. The next day, feeling better and able to resume his normal activities, he hand-delivered the applications to the Township's assessor's office at 8:30 a.m. He did not seek medical attention nor consult a doctor due to the short duration of his illness.

Almost three months later, by letter dated October 31, 2024, the assessor denied the applications as untimely filed.

Plaintiff petitioned the Mercer County Board of Taxation ("County Board") challenging the denials. The County Board issued judgments coded 10, which stands for "farmland assessment denied."

Plaintiff appealed the County Board's judgments to this court asking it to find the applications as timely filed and "restore" the "applications for tax year 2025 nunc pro tunc, with appropriate refunds or credits for any excess taxes collected."

The Township then moved to dismiss the complaint for lack of subject matter jurisdiction.

**ANALYSIS**

To obtain farmland assessment, a property owner should annually file an application by August 1 of the pretax year. N.J.S.A. 54:4-23.6(c). See also N.J.A.C. 18:15-2.1 ("the landowner must file an application . . . requesting [farmland] . . . assessment . . . on or before August 1 of the pre-tax year").

An assessor is authorized to extend the August 1 deadline by a month if illness prevented timely filing. Thus, an assessor

> may grant an extension of time for filing an application
> required by this section, which extension shall terminate
> no later than September 1 of the year immediately
> preceding the tax year, in any event where it shall appear
> to the satisfaction of the assessor that failure to file by
> August 1 was due to (1) the illness of the owner and a

3

certificate of a physician stating that the owner was physically incapacitated and unable to file on or before August 1 and the application is filed with the assessor . . .

[N.J.S.A. 54:4-23.6(d)(1).][1]

See also N.J.A.C. 18:15-2.5(b) (the assessor should be satisfied that the "failure to file" was due to illness "established by a certification of a physician . . . and the application is filed with the assessor").

Here, the Township does not dispute plaintiff's managing member's illness on August 1, 2024. It is undisputed that the managing member filed the farmland assessment applications at 8:30 a.m. on August 2, 2024. It is also undisputed that the applications were not accompanied by a doctor's certificate/note, nor was the same later provided to the assessor. Under the plain language of the statute, plaintiff is thus not entitled to relief via an extension of the August 1 deadline.

Plaintiff argues that the court should deem the application as timely filed in the interests of justice, and due to plaintiff's substantial compliance with the farmland assessment application statutes because: (1) plaintiff consistently filed timely farmland assessment applications for over 27 years; (2) plaintiff's inability to file the applications for tax year 2025 was due to its member's unexpected, albeit short, illness; (3) the Township has not (nor claims to have) been prejudiced in any

_____

[1] The 30-day extension was via a 1986 amendment to N.J.S.A. 54:4-23.6. See L. 1987, c. 418.

4

manner by the short delay in submission of the applications; (4) plaintiff, on the other hand, is monetarily injured because it has to pay considerable taxes although it is a long-standing farmer which has faithfully complied with the farmland assessment laws; (5) forcing plaintiff to pay high taxes is contrary to the intent of the Farmland Assessment Act of protecting New Jersey's farms and farmer by providing tax incentives; and (6) it is inequitable to require that plaintiff's applications be received on August 1, when another statute, N.J.S.A. 54:4-23.13, allows for farmland assessment applications to be received after August 1.

Initially, recourse to N.J.S.A. 54:4-23.13 does not assist plaintiff. This statute provides that a farmland assessment application "shall be submitted by the owner to the assessor . . . on or before August 1" of the pretax year ("or September 1, if an extension of time has been granted by the assessor"). It also incorporates a postmark rule, as follows:

> If the application is filed by delivery through the mails or a commercial courier or messenger service, compliance with the time limit for filing shall be established if there is satisfactory evidence that it was committed for delivery to the United States Postal Service or the courier or messenger service within the time allowed for filing. In the case of a courier or messenger service, the application shall be received by the tax assessor of the taxing district within three days after the statutory filing date.[2]

---

[2] "Satisfactory evidence" can be "a post-mark, postal certification or registration, or an appropriate receipt from a commercial service." Statement to A. 1126 ((March 15, 1982). The three-day receipt deadline for applications sent through a commercial courier or messenger was enacted by L. 1987, c. 418. Before this, "law require[d]

The plain language of N.J.S.A. 54:4-23.13 requires the application be mailed or delivered for mailing <u>on or before</u> the August 1 deadline.  In other words, the owner is tasked with submitting (filing) the farmland assessment application by August 1 of the pretax year (unless the assessor extends the date to September 1 of pretax year), whether the delivery method is by hand or through the mail, or through a commercial courier/messenger.  <u>See also</u> <u>Statement to A. 1126</u> (applications "filed by mail . . . shall be considered as timely if they are committed to the mails on or before the statutory filing deadline").

This leaves consideration of the substantial compliance doctrine.  This doctrine "operates to prevent barring legitimate claims due to technical defects." <u>H.C. Equities, LP v. Union County</u>, 247 N.J. 366, 386 (2021) (citation and internal quotation marks omitted).  Substantial compliance can suffice when "as a practical matter, it is reasonable to conclude that partial compliance has fully attained the objective of the statute as though there had been complete and literal compliance." <u>Houman v. Mayor of Pompton Lakes</u>, 155 N.J. Super. 129, 169 (Law Div. 1977). "In each case, the court is required to assess the facts against the clearly defined elements to determine whether technical non-conformity is excusable."  <u>Galik v. Clara Maass Med. Ctr.</u>, 167 N.J. 341, 354 (2001).  The "defined elements" to be

---

only that the application be committed for delivery no later than the filing date." <u>Assembly Economic Develop. and Agr. Comm., Statement to A. 263</u> (June 9, 1986).

6

considered are: "(1) lack of prejudice to the [adversary]; (2) a series of steps taken to comply with the statute involved; (3) a general compliance with the purpose of the statute; (4) a reasonable notice of petitioner's claim, and (5) a reasonable explanation why there was not a strict compliance with the statute." H.C. Equities, LP, 247 N.J. at 386 (citation omitted).

The Township argues that the substantial compliance doctrine has no place in tax matters because deadlines in tax cases are strictly construed. See CES Associates v. Cranbury Twp., 15 N.J. Tax 677, 679-80 (App. Div. 1995) (rejecting plaintiff's contention that "the statutory August 1 deadline . . . is not mandatory, and may be discretionarily extended for reasons other than the two" specific reasons of illness and death, because "[s]trict adherence to statutory time limitations . . . in tax matters" is the rule)[3] (citing Galloway Twp. v. Petkevis, 2 N.J. Tax 85 (Tax 1980)). The Township also notes that although the assessor received plaintiff's applications on August 2, 2024 (thus within 3 days allowed for receipt if applications are sent via courier or messenger service), there is still no substantial compliance with the law because the three-day receipt applies only when delivery is by a third-party commercial delivery service and when placement for delivery is by August 1, 2024.

---

[3] The court's ruling addressed the property owners' reliance on White v. Violent Crimes Compensation Bd., 76 N.J. 368 (1978) which allowed a tolling of the statute of limitations based on the facts, and if tolling would be consistent with the legislative intent underlying the statute of limitations.

Unlike here, CES Associates did not involve illness as a reason for late filing. Rather the issue there was whether the taxpayer could credibly prove that it mailed the farmland assessment applications by August 1. One could argue that since the statute itself allows for an extension when illness or death is involved, the court's ruling as to a strict construction of time limits in tax cases would not apply here, especially since it refused to extend the deadline "for reasons other than the two grounds specifically established in N.J.S.A. 54:4-23.6(d)." CES Associates, 15 N.J. Tax at 679. The inapplicability argument could also be made as to Petkevis.. There, although the property owner's illness prevented timely filing, the case was decided prior to the 1986 amendment which relaxed the August 1 deadline by 30 days for reasons of illness or death.[4]

Regardless, the Legislature has clearly conditioned relaxation of the August 1 deadline due to illness by requiring objective endorsement of the same (a physician's certificate). See also Assembly Economic Develop. and Agr. Comm., Statement to A. 263 (an assessor may "grant an extension of up to thirty days . . . if the applicant documents that he was unable to file for health reasons") (emphasis added). It can

---

[4] In Petkevis, the property owner suffered emotional distress based on pregnancy-related issues and failed to file the application for farmland assessment by the August 1 deadline. 2 N.J. Tax at 88. The County Board of Taxation granted farmland assessment, overruling the assessor's denial of the same. Id. at 87. The Tax Court reversed the County Board's decision noting that the "filing deadline . . . of August 1 of the pretax year is mandatory and it may not be tolled." Id. at 93-94.

therefore be assumed that the Legislature did not intend for any and every minor illness to justify relaxation of the August 1 deadline.

Here, as noted above, there was no documentation to support that plaintiff's member's illness had incapacitated him from filing the applications on August 1, 2024. That plaintiff's member did not feel the need for a doctor's visit does not justify ignoring the statutory prerequisite for an extension of the August 1 deadline. While the objective of the farmland assessment statute "is to encourage the preservation of farmland by providing for the preferential assessment of land devoted to agricultural or horticultural use," South Brunswick Twp. v. Bellemead Devlop. Corp., 8 N.J. Tax 616, 623 (Tax 1987), it does not require "a departure from the plain language of the statute." Asbury Park City v. Castagno Tires, 13 N.J. Tax 488, 498 (Tax 1993).

Further, there is nothing to show that plaintiff had made some effort to try to file the applications on August 1, 2024. Nor is there anything to show that plaintiff or its managing member contacted the assessor's office on that day to seek an extension of the filing deadline due to plaintiff's managing member's sudden illness. Nor was such an extension request sought anytime thereafter. Instead, plaintiff simply filed the applications on August 2, 2024, with the assessor's office. It is then difficult to agree that plaintiff's untimely filing was a mere "technical non-conformity" which is "excusable." Galik, 167 N.J. at 354.

For these same reasons, equitable considerations do not favor plaintiff. Missing a statutorily imposed deadline by a few hours or even by one or two days undoubtedly results in harsh consequences. However, those who try to meet the deadline at the last minute assume such risks. Plaintiff was clearly conversant with the August 1 deadline, having timely filed applications for over 27 years. It thus knew the importance of meeting the deadline and the consequences of the failure to do so (payment of higher taxes). That plaintiff missed the deadline for the first time is not a reason for relaxing the deadline especially when the applications could have (a) been hand-delivered during the earlier part of the day on August 1 when plaintiff's managing member was not feeling ill, or (b) placed in a mailbox during business hours that day ensuring they would be date-stamped August 1, 2024.

**CONCLUSION**

For the above reasons, the court grants the Township's motion to dismiss the complaint.[5]

Very truly yours,

___/s/ Mala Sundar___
Mala Sundar, P.J.T.C.

---

[5] This opinion is restricted to the facts herein and does not foreclose application of the doctrine of substantial compliance to tax cases.

Note that failure to obtain farmland assessment due to the untimely filing by August 1, does not bar a property owner "from applying for and receiving a farmland assessment in subsequent years." Petkevis, 2 N.J. Tax at 93, n.2. Plaintiff timely applied for and received farmland assessment for tax year 2026.