LARIO, J. T. C.
Plaintiff filed an appeal to this court from a judgment of the Atlantic County Board of Taxation affirming farmland rollback assessments.
A motion for summary judgment has now been filed by defendant to dismiss the complaint on the basis that plaintiff’s original complaint filed before the county board of taxation was dismissed as having been filed out of time; therefore, this court lacks jurisdiction. Plaintiff has filed a cross-motion for summary judgment.
The uncontested facts are as follows:
Plaintiff Atlantic City Development Corporation is the owner of real property known as Block 854, Lots 30 and 33, located at Black Horse Pike and Hickory Street, Hamilton Township, New Jersey. For the tax year 1980 the subject properties were assessed under the Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq.
On or about March 1980 defendant’s assessor received a copy of a deed indicating that the subject properties had been transferred from the then owner to plaintiff.
*366 In July 1980 plaintiff filed an application with the Planning Board of Hamilton Township for a residential development and, in conjunction therewith, the assessor’s office supplied to the planning board a list of the owners of properties situated within 200 feet of the subject properties.
Subsequently, during the summer of 1980, a representative of plaintiff approached defendant’s assessor and inquired as to the potential assessment of a golf course that was being proposed for the land in question.
As of August 1, 1980 no application for farmland assessment had been filed with the municipality by the owner for the subject properties for the tax year 1981.
The assessor compiled a list of all ratables which he considered omitted or added assessments, and in mid-September 1980 he mailed notices of added and omitted assessments to all owners of said properties, notifying them that they would be added to his tax rolls. Included therein were “omitted assessment notice(s)” for the subject properties which were mailed to plaintiff. Plaintiff or its agents received the notices shortly thereafter.
Plaintiff filed appeals contesting the added omitted assessments with the county board of taxation on December 18, 1980. On December 29, 1980 the county board issued its judgments dismissing plaintiff’s appeals as having been filed out of time since they were filed after December 1, 1980.
On February 9, 1981 plaintiff filed with this court the instant appeals which have now resulted in these motions.
The procedure followed by the assessor to add the subject properties to his tax rolls as omitted assessments was that outlined in N.J.S.A. 54:4-63.31 et seq., known as the “Alternate Method” for assessment of omitted property. Under this method appeals shall be made by the taxpayer to the county board of taxation on or before December 1 of the year of the levy, and the county board shall hear all such appeals within one month of the last day for filing such appeals. N.J.S.A. 54:4-63.39.
*367 The intent of defendant’s assessor’s action was to subject the properties under appeal to additional taxes known as “rollback taxes” as set forth in N.J.S.A. 54:4-23.8 of the Farmland Assessment Act. N.J.S.A. 54:4-23.9 provides that the procedure to be followed in the assessment of rollback taxes “shall be governed by the procedures provided for the assessment and taxation of omitted property under chapter 413 of the Laws of 1947 [N.J. S.A. 54:4-63.12],” (footnote omitted).
Prior to the passage into law of the “Alternate Method,” see L.1968, c. 184, § 1, procedure with respect to omitted assessments was governed solely by N.J.S.A. 54:4-63.12 et seq., sometimes referred to as the “original method.” The county board of taxation was empowered thereby to assess any taxable property omitted from the assessment for the particular year. N.J.S.A. 54:4-63.12.
The original method became effective on July 1, 1947. The Farmland Assessment Act, N.J.S.A. 54:4-23.1 et seq., was adopted subsequent thereto, becoming effective on June 25, 1968. N.J.S.A. 54:4-23.13 states that the procedure to be followed for the assessment of rollback taxes is that outlined in N.J.S.A. 54:4-63.1 et seq., which includes N.J.S.A. 54:4-63.12 (original method).
Subsequent thereto, the “Alternate Method,” N.J.S.A. 54:4-63.31 et seq., became effective July 19,1968. This latter method granted to the assessor the right to initiate the restoration of an omitted assessment and, in addition, directed a different simplified procedure to effect same.
Under the original method written application was made to the county board, on notice to the taxpayer, and after a hearing the board determined if the assessor’s claim was correct. Under the new alternate method the assessor first levies the assessment, then sends notice thereof to the taxpayer and the county board, and unless the taxpayer appeals therefrom by December 1 no hearing is held.
*368 In adopting the alternate method the Legislature neither amended nor repealed the original method; instead, it provided for a new additional procedure. As a result of its adoption two methods are now available for levying an omitted assessment: the regular method under N.J.S.A. 54:4-63.12 and the Alternate Method under N.J.S.A. 54:4 — 63.31 et seq. With respect to the Alternate Method, N.J.S.A. 54:4-63.40 provides:
This act is intended to provide an additional and alternate method for the assessment of taxes on certain omitted property and shall not supersede the provisions of P.L. 1947, chapter 413 or any other law. [L.1968, c. 184, § 10, eff. July 19, 1968; N.J.S.A. 54:4-63.12 et seq.; emphasis supplied]
“Rollback taxes,” as defined by N.J.S.A. 54:4 — 23.8, technically are not “omitted” or “added” assessments; instead, they are “additional taxes, hereinafter referred to as rollback taxes,” and in adopting a method to be followed by the assessor in assessing same, the Legislature specifically directed that the procedure to be followed was that as set forth under the original Assessment of Omitted Property Act, N.J.S.A. 54:4 — 63.12 et seq. By requiring the assessor to follow this procedure it did not designate rollback taxes as “omitted” or “added” property.
Where the language of a statute is clear and its meaning and application is plain and unambiguous, there is no room for judicial construction. White v. Tax Appeals Bd., 123 N.J.L. 350, 353, 8 A.2d 819 (Sup.Ct.1939).
In explanation of assessment practices, the Local Property and Public Utility Branch of the Division of Taxation, in its Handbook for New Jersey Assessors (rev. June, 1980), states:
705.1 An alternate method for the assessment of property omitted from taxation had been provided for. This method is additional to and does not necessarily supersede the old procedure.
705.2 Purpose. The purpose of the alternate method for levying omitted assessments is to enable the assessor himself to pick up and provide for the taxation of property which, through error, has been omitted from assessment. The alternate method differs from regular omitted assessment procedures in that no complaint is required to be filed with the county board of taxation, and no hearing or notice of hearing is required to be given to the taxpayer by the county board of taxation, [at VII-18, VII-19]
Since the alternate method, as set forth in N.J.S.A. 54:4-63.31 et seq., was adopted subsequent to N.J.S.A. 54:4-63.9, *369 and did not supersede or amend N.J.S.A. 54:4-63.12, the original method, the procedure outlined in the latter method must be followed by an assessor in levying rollback taxes as mandated by the Legislature. It is obvious that the Legislature intended that before rollback taxes could be added, the county board must follow the regular procedure of notice, hearing and judgment, as outlined in the original method. Unlike omitted and added assessments, an assessor who desires to add farmland rollback taxes to his assessment rolls does not have the discretion to follow either the original method or the alternate method; instead, he must follow the procedure outlined in the original method.
N.J.S.A. 54:4-63.23 provides that any judgment entered by the county board of taxation assessing omitted property under this act, the original method, may be reviewed by the Division of Tax Appeals.[1] The notice of appeal is to be filed “on or before the first day of December following the rendering of the judgment by the county board of taxation or within three months from the time of the rendering of such judgment, whichever date is the later.” Ibid.
Since the judgment of the county board of taxation was entered on December 29, 1980, plaintiff’s appeal to this court, which was filed on February 9, 1981, is within time; therefore, defendant’s motion for summary judgment is denied.
A trial before this court from an appeal of a county board judgment is a trial de novo. N.J.S.A. 2A:3A — 4. Plaintiff will have a full opportunity in these proceedings to present any and all evidence or law to establish factually and legally its contentions and relief requested; therefore, plaintiff is not prejudiced thereby.
In General Trading Co. v. Taxation Div. Director, 83 N.J. 122, 416 A.2d 37 (1980), our Supreme Court held:
*370 ... [A] review of the cases demonstrates this Court’s reluctance to raise a jurisdictional bar where .. . the irregularity may be cured without undue delay or irreparable harm to the other party, Hackensack v. Rubinstein, 37 N.J. 39, 51-52, 178 A.2d 625 (1962); Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 141-42, 179 A.2d 729 (1962). [at 128, 416 A.2d 37]
There has been no demonstration by plaintiff of any irreparable harm. Therefore, plaintiff’s motion for summary judgment is also denied.

Such judgments are now reviewed by the New Jersey Tax Court. See N.J.S.A. 2A:3A 26.