186 N.J. Super. 307 (1982)
452 A.2d 673
CHERRY HILL INDUSTRIAL PROPERTIES, PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF VOORHEES, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 24, 1982.
Decided June 10, 1982.
*309 Before Judges BISCHOFF and KING.
Paul D. Birkby argued the cause for appellant (Feingold & Jehl, attorneys).
M. Donald Forman argued the cause for respondent.
The opinion of the court was delivered by BISCHOFF, P.J.A.D.
This is an appeal by defendant Township of Voorhees from a final judgment of the Tax Court, 3 N.J. Tax 63 (N.J. Tax) which vacated certain omitted assessments that had been added by the Camden County Board of Taxation.
Plaintiff Cherry Hill Industrial Properties owns six lots in defendant township which were assessed as farmland for the years 1977 and 1978. The taxes for these years were paid.
A new tax assessor assumed office January 1, 1978, and upon reviewing the records failed to find form FA-1 (a form submitted by an applicant seeking a farmland assessment) on file for the six lots in question for either 1977 or 1978. Under N.J.S.A. 54:4-23.6, a property owner is required to apply for *310 agricultural valuation on or before August 1 preceding each tax year.
In mid-1978 an FA-1 form was sent to plaintiff for the tax year 1979. The form was not returned; the land received a regular assessment and the taxes were paid in full.
In September 1979 the assessor determined that the six lots had improperly received beneficial farmland assessments for 1977 and 1978, since no applications had been filed for those years. He classified the property as an "omitted assessment" for those years in order to recover the difference between the farmland assessment and the full assessment. He testified this was not a "roll-back" situation where there had been a change in the use of the land during a tax year resulting in a reversion to a full assessment for the two prior years. Instead, he proceeded under the alternate method of assessing omitted property pursuant to N.J.S.A. 54:4-63.31 et seq. He had the property listed on the county computer for the years 1977 and 1978, the omitted assessment list was approved by the county board of taxation, and the tax collector billed plaintiff for the difference between the amount paid and the full assessment. This amount was not paid and is the subject of this appeal.
Plaintiff appealed the additional assessment and in the Tax Court argued that (1) defendant failed to follow statutory procedures for assessing omitted property as set out in the roll-back provisions and (2) the property was not subject to farmland roll-back taxes for 1977 and 1978 under N.J.S.A. 54:4-23.9.
The Tax Court held that since the property had been treated as an omitted assessment, it was not necessary to determine whether the property was subject to roll-back or whether the roll-back procedure had been properly followed. The Tax Court ruled, however, that plaintiff's tracts of land had been improperly treated as omitted property since there was no proof that the FA-1 applications had not been filed, and it was therefore presumed the original assessments were valid, relying upon In re Kresge-Newark, Inc., 30 N.J. Super. 489 (App.Div. 1954).
*311 The Tax Court judge further held that plaintiff's lots were not omitted property, as contemplated by either the original act regarding omitted property, N.J.S.A. 54:4-63.12 et seq., or the alternate act on omitted property, N.J.S.A. 54:4-63.31 et seq. He held the property may have been improperly assessed, but it was not omitted and, if improperly valued or assessed and the municipality desired to contest the accuracy of the original assessment, the municipality should have done so by a timely appeal to the county board of taxation by August 15 of each of the tax years in question, citing Hackensack Water Co. v. Tax Appeals Div., 2 N.J. 157, 166 (1949). A judgment vacating the omitted assessments was entered by the Tax Court.
On this appeal defendant argues plaintiff is not entitled to a farmland assessment for the years in question because (1) plaintiff failed to use the land as required by the Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.1 et seq., and (2) plaintiff failed to make the required application for farmland assessment, N.J.S.A. 54:4-23.15a. Defendant also argues that the omitted property assessment procedure that was followed was proper under the circumstances since it did not follow the added assessment procedure of N.J.S.A. 54:4-63.1 et seq., and the Supreme Court has sanctioned the use of the omitted assessment procedure to collect added assessments, citing N.Y. State Realty & Terminal Co. Appeal, 21 N.J. 90 (1956).
Defendant further contends that, in any event, and in addition to the foregoing procedures, it is entitled to collect and assess roll-back taxes pursuant to N.J.S.A. 54:4-23.8 for the two years preceding the change in use year.
Plaintiff places total reliance on deficiencies in the procedures followed by defendant in its attempt to obtain a regular assessment and regular taxes, rather than on any assertion of a substantive right to a farmland assessment. It argues that whether it filed or did not file for farmland assessment, whether it qualified by use for a farmland assessment or did not so qualify, is entirely irrelevant to the issues raised. It strenuously *312 argues that since the township did not follow the requirements of N.J.S.A. 54:4-23.9 providing for the assessment, collection and payment of roll-back taxes, the township is not entitled to vary the assessment for the years 1977 and 1978. It argues that the alternate method of assessment of omitted property, N.J.S.A. 54:4-63.31 et seq., does not apply to the farmland roll-back situation.
We are of the view that the basic premise of the Tax Court judge was in error. He placed upon the township the burden of proving that a proper application for farmland assessment had not been filed. On the contrary, the burden of proof was on the taxpayer to demonstrate that he had properly filed and was entitled to a farmland assessment. The controlling principle was stated in Bloomfield v. Academy of Med. of N.J., 47 N.J. 358 (1966), as follows:
The fundamental approach of our statutes is that ordinarily all property shall bear its just and equal share of the public burden of taxation. As the existence of government is a necessity, taxes are demanded and received in order for government to function 51 Am.Jur. Taxation, § 9, p. 42. Statutes granting exemption from taxation represent a departure and consequently they are most strongly construed against those claiming exemption. The burden of proving a tax-exempt status is upon the claimant. Pingry Corp. v. Hillside Tp., 46 N.J. 457, 461 (1966). [at 363]
This same principle is applicable to those seeking preferential tax classification. MacMillan v. Taxation Div. Director, 180 N.J. Super. 175 (App.Div. 1981).
The record demonstrates that the assessor found no FA-1 form for the years 1977 or 1978 from plaintiff. While he could not deny the possibility that they were filed and lost, he did say that "[a]ll the rest of them were there." There is no evidence whatever to indicate that plaintiff filed the forms on time. Plaintiff produced no witnesses and no evidence that it complied with the prerequisites for an agricultural assessment. In fact, plaintiff asserts in its brief that "it is clear from the testimony and record that applications were not filed for the years 1977 and 1978...."
*313 The finding of the Tax Court judge that the applications for farmland assessments were timely filed is not supported by sufficient credible evidence. Rova Farms Resort v. Investors Ins. Co., 65 N.J. 474, 484 (1974). Since plaintiff is not entitled to a preferential assessment during the years 1977 and 1978, there remains only the issue of whether defendant proceeded in proper fashion to collect the unpaid taxes. While the Tax Court judge disposed of the appeal before him by finding an absence of proof that the applications for farmland assessment had not been filed, he addressed defendant's reliance on the Omitted Assessment Act and concluded this procedure was inapplicable since the property had not been omitted but was merely alleged to have been assessed at less than full value. We disagree.
In the N.Y. State Realty case, supra, the taxpayer's land was assessed on October 1, 1951 for the year 1952. On the assessment date construction was underway on a structure being erected on the property. The building was assessed at "construction value," and was ultimately completed on or about June 30, 1952. Under the Added Assessments Law, N.J.S.A. 54:4-63.3, the municipality was entitled to assess the taxpayer for the additional pro rata value of the finished building for the balance of 1952; however, the additional assessment was not timely made. The municipality then assessed the taxpayer for this amount in 1953 pursuant to N.J.S.A. 54:4-63.12 as an omitted assessment.
The Supreme Court held that the township's failure to meet the deadline of the Added Assessments Law did not prevent it from recovering the taxes due as an omitted assessment. The court noted the importance of considering the interaction of various statutes and said that related provisions must be construed together to evoke their true meaning. Applying this reasoning to the assessment before it, the court said:
Accordingly, we view the Added Assessments Law, N.J.S.A. 54:4-63.1-63.11, supra, as permitting additional assessments when additions to or improvements in the land subsequent to the assessment date make such action necessary, and *314 the Omitted Assessments Law, N.J.S.A. 54:4-63.12-63.25, supra, as permitting assessment of property which may have properly been included in the general assessment but for one reason or another was not included either originally on the general assessment date or subsequently as required by the added assessment statutes. It is not inconsistent with the mandatory language of the Added Assessments Law to hold that the Omitted Assessments Law permits proceedings to include added assessments after the time prescribed for such procedure by the added assessment sections. [N.Y. State Realty, 21 N.J. at 98]
This conclusion of the Supreme Court is applicable to the present case. The Farmland Assessment Act of 1964, N.J.S.A. 54:4-23.13, expressly adopts the procedure provided by the Added Assessments Law. Analogizing this case, then, to the N.Y. State Realty decision, plaintiff's property did not become an omitted assessment until after the passage of
... that period of time prescribed in the added assessment sections. An added improvement by not being included in the tax assessment rolls pursuant to the procedure and during the time prescribed by the added assessment statutes thus becomes an omitted assessment and is governed by the provisions of these latter sections; and what was not accomplished under one statute is accomplished under the other  the taxation of all property within the jurisdiction of this State annually at its true value. [Id. at 98-99]
Applying this reasoning here, it becomes clear that defendant properly utilized the omitted assessment procedure. Since the applications for agricultural assessments were due by August 1 of each pre-tax year, plaintiff's failure to so file rendered the land ineligible on August 1, 1976 for tax year 1977, and August 1, 1977 for tax year 1978. Therefore, the added assessments procedure should have been utilized during each of those tax years, but was not. Under the Supreme Court's reasoning, the property did not become omitted property until that time period had run: January 1, 1978 for tax year 1977, and January 1, 1979 for tax year 1978. Since N.J.S.A. 54:4-63.12 provides for the assessment of omitted property "[i]n any tax year or in the next succeeding year," defendant met that statute's deadline by including plaintiff's property in the added assessment list during 1979.
In his decision the Tax Court judge found that the omitted property procedure was inapplicable here because he believed the property had not been omitted. He concluded that since the property had been assessed, defendant's only recourse would *315 have been to file a timely appeal of the original assessment. However, a similar situation existed in N.Y. State Realty. There the taxpayer's building was not completely omitted from the tax rolls, but had only been assessed at construction value. The municipality was seeking to recover the difference between the amount assessed and the full amount to which it was entitled. The Supreme Court held:
We do not believe that by placing a construction value on a partially completed structure as of the annual assessment date in any way prevents action being taken or relief being granted under the Added Assessments Law or the Omitted Assessments Law. The assessor has the right and it is his duty to assess all property as of October 1 in each year; N.J.S.A. 54:4-1, R.S. 54:4-9, R.S. 54:4-23; and in so doing he does not preclude his taxing district from subsequently proceeding by way of the added assessment sections of the law to include assessable improvements to the land thereafter made or from proceeding under the omitted assessment sections to include assessable property which was omitted from the assessment. [21 N.J. at 99; emphasis in original]
We therefore conclude that defendant's having assessed plaintiff's property at a lower tax rate did not preclude it from later seeking the balance due when it was discovered that the full assessment value was appropriate.
Plaintiff also argues that defendant erred by following the alternate method of assessing omitted property under N.J.S.A. 54:4-63.31 et seq. This argument is based on plaintiff's interpretation of N.J.S.A. 54:4-23.9, which provides for the collection of roll-back taxes. That statute specifies that roll-back assessments are to be governed by the procedure articulated in chapter 413 of the Laws of 1947, which is contained in N.J.S.A. 54:4-63.12 et seq. Plaintiff contends that since the roll-back statute does not specifically adopt the alternate method of assessment found in N.J.S.A. 54:4-63.31, enacted in 1968, defendant was precluded from employing it.
Plaintiff's argument is misplaced. Defendant was not assessing roll-backs, but was instead seeking to collect an added assessment which had been omitted. Because this was an omitted assessment, and not a roll-back, there is no impediment to the employment of the statutory alternate method of assessment.
*316 We conclude that the procedure utilized by defendant to assess the difference between the improperly granted farmland classification and the property's full valuation was permissible, as in N.Y. State Realty, supra, and defendant proceeded within the time limits prescribed by the Supreme Court and its statutory interpretation. Since it is clear that the farmland assessments plaintiff received for 1977 and 1978 were improper, the municipality was justified in seeking the balance due when discovered as omitted assessments. To hold otherwise would circumvent the concern recognized by the Supreme Court in N.Y. State Realty, supra, 21 N.J. at 96-97, that taxes are essential to the operation of government and each taxpayer should bear his fair share.
Having reached this conclusion, we find it unnecessary to consider defendant's contention that it is entitled to impose roll-back taxes for the two years preceding the change under N.J.S.A. 54:4-23.8, or the Tax Court judge's ruling that the proceedings before him did not involve roll-back taxes.
The judgment of the Tax Court is reversed and the assessment of the lots in question, as approved by the Camden County Board of Taxation, is reinstated.