LARIO, J.T.C.
Plaintiff, SLE Associates of Millville, moves for summary judgment to reverse the Cumberland County Board of Taxation’s judgment granting an omitted assessment to the City of Millville for the tax year 1988.
Plaintiff is the owner of premises identified on the municipality’s tax map as Block 87, Lot 34, also known as Carlton House Apartments, a garden-type apartment complex consisting of 96 units. For several years, up to and including the tax year 1987 the property was assessed at: Land — $96,000; Improvements— $654,000; Total — $750,000. In 1987, the municipality completed a district-wide revaluation which it implemented in the tax year 1988 whereby the subject was assessed at the identical amount previously levied in 1987 which amount was certified to the county board of taxation.
*3 Subsequently, the tax assessor instituted an omitted assessment procedure pursuant to N.J.S.A. 54:4-63.31 through -63.40 increasing the land assessment by $26,900, prorated 12 months, and the improvements $1,976,100, prorated 12 months, resulting in an additional assessment of $2,003,000. The taxpayer’s 1988 total assessment thereby became $2,753,000.
Plaintiff appealed the assessor’s action to the county board which affirmed the full increased assessment levied resulting in this appeal. Plaintiff alleges that no improvements were added during the period involved and therefore claims that the omitted assessment was improper. The municipality does not dispute plaintiff’s factual allegation. Instead, in defense, the assessor filed an affidavit contending that the $750,000 assessment, originally levied for 1988, was the result of a clerical error and that the correct assessment should have been a total of $2,753,000. Therefore, when he detected the alleged error he:
corrected it by filing an Omitted Assessment for $2,003,000 which represented the difference between the correct revaluation assessment and the old assessment which had been on the property for the year 1987 and previous thereto. The Omitted Assessment procedure which I used is commonly used to correct clerical errors pursuant to N.J.S.A. 54:4-63.31 through N.J.S.A. 54:4-63.40.
I would note that between fifty and sixty such clerical errors were corrected pursuant to the Omitted Assessment Procedure in the city of Millville as a result of the city-wide revaluation which took place for the tax year beginning January 1, 1988.
The issue presented is: may a taxing district correct an alleged clerical error by using the omitted assessment procedure as permitted by N.J.S.A. 54:4-63.31 et seq., known as the “alternate method?” I conclude that it may not.
N.J.S.A. 54:4-63.31 provides:
In any tax year, or in the next succeeding tax year, the assessor of any taxing district, may in accordance with the provisions of this act, assess any taxable property omitted from the assessment list for the particular tax year. The taxable value of such property shall be determined as of October 1 of the preceding year.
*4 An omitted assessment may be imposed when real property subject to taxation has been erroneously omitted from the assessment rolls. Snyder v. South Plainfield, 1 N.J.Tax 3 (Tax Ct.1980). An omitted assessment can also be imposed when there is new construction or improvements are added to existing structures, even though beyond the filing time limitations of the added assessment law. Appeal of N. Y. State Realty & Terminal Co., 21 N.J. 90, 121 A.2d 21 (1956). Additionally, it can be imposed when it is clear that a farmland assessment was improvidently granted even though no prior application therefor was filed by the taxpayer. Cherry Hill Indust. Properties v. Voorhees Tp., 186 N.J.Super. 307, 452 A.2d 673 (App.Div.1982), aff'd as mod. 91 N.J. 526, 453 A.2d 850 (1982).
Prior to 1968, omitted assessments could be imposed only pursuant to N.J.S.A. 54:4-63.12 et seq. (L. 1947, c. 413). Under this act, a taxing district desiring to impose an omitted assessment is required to file a complaint with the county board of taxation.
Prior to 1968, the county board had exclusive jurisdiction to impose the omitted assessment. N.J.S.A. 54:4-63.12; N.J.S.A. 54:3-20. In 1968, the Legislature extended this power to tax assessors by the enactment of N.J.S.A. 54:4-63.31 et seq. (L. 1968, c. 184). Under this alternative method the tax assessor prepares a list of omitted property assessments, N.J.S.A. 54:4-63.32, and files it with the county board. The board reviews the list, and upon certification, forwards the certified list to the municipality’s tax assessor and tax collector. N.J.S.A. 54:4-63.-32. Upon receipt of the list, the tax collector forwards an appropriate tax bill to the taxpayer. N.J.S.A. 54:4-63.35. When the taxpayer receives the tax bill, he may contest it by filing a complaint with the county board pursuant to N.J.S.A. 54:4-63.39. This alternate method for imposition of an omitted assessment was the procedure utilized by the assessor in imposing the assessment under appeal. Defendant urges that this alternate method may be utilized when a prior assessment error has been committed, citing as alleged authority, Appeal of N.Y. *5 State Realty & Terminal Co., supra and Cherry Hill Indus. Properties, supra.
Under the original method of imposing omitted assessments, the tax assessor cannot initially impose the increased assessment. Instead, he has the obligation of first filing a complaint with the county board of taxation. In 1968, at the urging of the municipal tax assessors, to aid them in the imposition of omitted assessments caused by the influx of new and added construction, the Legislature enacted N.J.S.A. 54:4-63.31, the alternate method, whereby the assessor initially places the claimed omitted assessment thereby shifting the obligation to file an omitted assessment tax appeal with the county board from the tax assessor to the taxpayer.
The correction of errors statute, N.J.S.A. 54:51A-7, which permits the correction of erroneous assessments caused by clerical errors (and other errors described therein), requires the party desiring to correct the alleged error to file an appeal directly with the Tax Court. In adopting the correction of error statute, the Legislature did not enact a corresponding alternative method to permit the tax assessor to unilaterally correct the alleged error and shift the burden to appeal to the taxpayer, nor did it give the county board jurisdiction to grant relief thereunder. There is no authority in either the correction of errors statute or the omitted assessment statute which permits an assessor to utilize the alternate method of the omitted assessment act to remedy an assessment correctable under N.J.S.A. 54:51A-7, nor has such a procedure been confirmed by our courts in either the Snyder, the New York State Realty or Cherry Hill Industrial Properties, cases. In the instant case, unlike the facts in Snyder, there was no omission; the $750,000 land and improvements assessment was in fact levied. Unlike New York State Realty, here, there was neither new construction, nor an addition to the improvements; and, certainly this case does not involve the granting of an improper farmland assessment as occurred in Cherry Hill Industrial Properties. Clerical error was not involved in any of these cases.
*6 If the tax assessor’s factual allegation is correct, the tax assessor had two remedial alternatives: to file a regular appeal on or before August 15, 1988 pursuant to N.J.S.A. 54:3-21; or, if applicable, to file a correction of error complaint pursuant to N.J.S.A. 54:51A-7. Instead, the tax assessor chose to take a “short cut” by utilizing the alternate method of the omitted assessment law, thereby transferring jurisdiction to the Cumberland County Board of Taxation, and shifting the burden to appeal to the taxpayer. He had no authority to do so; the fact that this omitted procedure is “commonly used to correct clerical errors” does not justify condoning or affirming its use. A common practice among assessors of improperly utilizing the omitted assessment statute does not legitimize its application. Glen Pointe Associates, et al v. Teaneck, 10 N.J.Tax 598 (Tax Ct.1989).
The judgment of the county board is reversed and the original assessment imposed will be reinstated without prejudice.