LARIO, J.T.C.
Plaintiffs appeal from a judgment of the Salem County Board of Taxation affirming Upper Pittsgrove Township’s denial of farmland assessments on three separately assessed contiguous parcels of land owned by plaintiffs for the tax year 1990. The reason for the denial was plaintiff’s failure to file an application for farmland assessment for the tax year 1990. The quantum *496 of the assessments are not in dispute. The sole issue raised is whether the property should have been assessed as farmland.
Plaintiff, Esther Rubenstein, together with her late husband were the owners of the subject property, which consists of approximately 92 acres of farmland, for approximately 60 years. In 1988, after the death of her husband, she conveyed the lands to her son, Samuel Rubenstein, her daughter, Alice Cohen and herself by two separate deeds. Both deeds recording this transfer set forth the owners’ address as: “24 Third Street, Elmer, New Jersey.” All of the lands have been continuously devoted to farmland activity from prior to Esther Rubenstein’s ownership to the present date. For many years the previous tax assessor for the Township of Upper Pittsgrove, on behalf of Esther Rubenstein and her husband, completed the farmland application form, had it executed by the owners and filed it. This service was done by the assessor as a courtesy to Mrs. Rubenstein and her husband by reason of their advanced ages and poor medical conditions.
Several years prior to the 1988 deed transfer, the township tax collector was requested to forward all tax bills and any related correspondence to Mrs. Cohen at her Middlesex County home, 269 East Chestnut Avenue, Metuchen, New Jersey. The tax collector has filed a certification stating that
for the two years I have been tax collector, I’ve sent reference tax bills and correspondence to Alice Cohen at 269 East Chestnut Avenue, Metuchen, New Jersey. Mrs. Cohen had asked a few years ago that we send her any correspondence and bills to her address in Metuchen since her mother was unable to handle such things.
Neither the 1990 farmland application form nor notice thereof was sent to Alice Cohen at her Metuchen address. From prior to 1988 to the present time, Alice Cohen has managed her mother’s affairs and has been responsible for paying the taxes on the property. It is undisputed that the land in question was actively devoted to farmland assessment for all years in question including the tax year 1990.
The current tax assessor, who is a certified tax assessor and has served as a tax assessor for other municipalities for 20 *497 years, was sworn in as tax assessor for Upper Pittsgrove Township on January 1, 1989. He certified that the two deeds amending ownership of the properties were recorded on November 17, 1988 and December 27, 1988, respectively, and that the preparation of the 1989 tax list, including the names and mailing addresses of the owners of property, was the responsibility of his predecessor in office.
The 1989 list, which was prepared and filed shortly after the recording of the two deeds, contains the identical Elmer, New Jersey mailing address as set forth on the deeds. The assessor found no notation by his predecessor of any change of address. He further certified that, on or before July 1, 1989, he mailed farmland assessment application forms for the 1990 tax year to all listed owners of previously qualified farmland. In so doing he used the names and addresses that appeared on the 1989 tax list for Upper Pittsgrove Township. His office was never notified by the owners of any change of address and, he personally mailed the 1990 application forms for the subject property to:
Rubenstein, Samuel—A. Cohen, et al,
24 Third Street,
Elmer, N.J. 08318.
The new assessor additionally stated he never at any time received a 1990 farmland application for the subject properties; that on September 5, 1989 he mailed a disallowance notice for farmland assessments for the 1990 tax year to the owners addressed as listed above. He never received any inquiries or objections to his notice of disallowance, whereupon, he entered on his 1990 tax list assessments for the lots based upon their fair market value. Thereafter, the first notice he received of any objection was service upon him of plaintiffs’ county board petitions of appeal.
New Jersey’s constitution was amended effective December 5, 1963 whereby the Legislature, inter alia, was directed to enact laws to provide that certain land deemed to be actively devoted to agricultural use shall be valued for local tax purposes at that value which such land has for agricultural pur *498 poses “on application of the owner”. N.J. Const, art. VIII, § 1, par. 1(b). Our Legislature implemented this constitutional provision by the adoption of the Farmland Assessment Act of 1964, codified as N.J.S.A. 54:4-23.1 et seq. Section-23.6 thereof directs:
Land which is actively devoted to agricultural or horticultural use shall be eligible for valuation, assessment and taxation as herein provided when it meets the following qualifications:
(c) Application by the owner of suck land.' for valuation hereunder is submitted on or before August 1 of the year immediately preceding the tax year to the assessor of the taxing district in which such land is situated on the form prescribed by the Director of The Division of Taxation in the Department of the Treasury;
[Emphasis added]
(d) The assessor may grant an extension of time for filing an application required by this section, which extension shall terminate no later than September 1 of the year immediately preceding the tax year, in any event where it shall appear to the satisfaction of the assessor that failure to file by August 1 was due to (1) the illness of the owner and a certificate of a physician stating that the owner was physically incapacitated and unable to file on or before August 1 and the application is filed with the assessor.
Section -23.13 of the act further states:
Eligibility of land for valuation, assessment and taxation under this Act shall be determined for each tax year separately. Application shall be submitted by the owner to the assessor of the taxing district in which such land is situated on or before August 1 or September 1, if an extension of time has been granted by the assessor ..., of the year immediately preceding the tax year for which such valuation, assessment and taxation are sought.
[Emphasis added]
The filing dates mandated by N.J.S.A. 54:4-23.6(c) and -23.13 are clear and unambiguous. Where the words of a statute are clear and their meanings and application plain, unambiguous and uncontrolled by other parts of the act “the court cannot give them a different meaning. Our duty is to construe and apply the statute as enacted.” In re Jamesburg High School Closing, 83 N.J. 540, 547-48, 416 A.2d 896 (1980). Since adoption of the Farmland Assessment Act, our courts have consistently interpreted the annual statutory filing re *499 quirements of farmland application forms by the owner to be mandatory.
Since the statutes requiring filing of farmland assessment application by August 1 of the pretax year are not ambiguous and they reflect a clear intention that the filing date contained therein be complied with, the legislative purposes would not be fulfilled by permitting the tolling of the time limitations contained therein. Strict compliance is consonant with the legislative scheme. Therefore, the word “shall” as used within N.J.S.A. 54:4-23.13 is construed to mean “must.” The filing deadline contained herein of August 1 of the pretax year is mandatory and it may not be tolled.
(Galloway Tp. v. Petkevis, 2 N.J. Tax 85, 93 (Tax 1980)].
See also Belmont v. Wayne Tp. 3 N.J. Tax 382, 384 (Tax 1981). (Freeze Act, N.J.S.A. 54:51A-8, does not apply to farmland for subsequent years. Failure to timely file a farmland application disqualifies land from receiving a farmland assessment.) In Cherry Hill Industrial Properties v. Voorhees, 186 N.J.Super. 307, 316, 452 A.2d 673 (App.Div.1982), summarily aff'd as mod. 91 N.J. 526, 453 A.2d 850 (1982), our Appellate Division held that farmland assessments received by a taxpayer were clearly improper where no farmland application had been filed, therefore, when the municipality discovered the error, it was justified in seeking the balance of tax due as an omitted assessment.
First, plaintiff argues, because Upper Pittsgrove’s tax collector had been directed to send all tax bills and correspondence relating to the subject property to Mrs. Cohen at her address in Metuchen, by its failure to send the application form to Mrs. Cohen the township is estopped from denying farmland assessment to plaintiffs. Second, the previous tax assessor’s action in annually completing and filing the farmland applications for Mrs. Rubenstein by reason of her old age and illness imposes a constructive trust on behalf of Mrs. Rubenstein and failure to affirmatively notify plaintiffs of a change in this procedure constitutes an estoppel against the municipality.
I find no factual or legal basis for either of plaintiff’s contentions. By statute, an abstract of each recorded deed transferring realty is required to be mailed to the tax assessor of the property’s taxing district. N.J.S.A. 54:4-31. Each deed is required to have marked thereon a post office address for the *500 grantee. N.J.S.A. 54:4-30. The assessor is required by N.J.S.A. 54:4-24 to annually prepare a tax list, which was complied with and listed plaintiff’s address as contained on the deeds. Although notice was given by plaintiffs to the tax collector to mail all tax bills and correspondence to Mrs. Cohen at her Metuchen address, no similar notice relative to tax assessments was ever given to the tax assessor, therefore, the tax assessor acted correctly in utilizing plaintiff’s address as listed on the deeds and on his tax list.
Nevertheless, even if the tax assessor had received notice or if he had not mailed the farmland assessment application forms to plaintiffs at any address, this failure would not have relieved plaintiffs from their responsibility to obtain and file the applications prior to the statutory deadline. An assessor’s alleged neglect in failing to properly mail farmland assessment application forms cannot alter the application of the statutory requirements of the Farmland Assessment Act. N.J.S.A. 54:4-23.15a, which requires the assessor to mail the application to the taxpayer prior to July 1 of the pretax year, further provides: “the failure of any taxpayer to receive a form for claiming continuance of a farmland assessment shall not relieve him of the requirement to claim and establish his right thereto as required by law.” This clear and unambiguous legislative mandate may not be circumvented or amended by a taxing district’s employee nor may it be ignored by this court. In re Jamesburg High School Closing, supra; White v. State Bd. of Tax Appeal, 123 N.J.L. 350, 353, 8 A.2d 819 (Sup.Ct.1939).
N.J.S.A. 54:4-23.15a calls for notice to taxpayers, but does not relieve them from their primary obligation to annually file timely applications as required by the above-cited statutes. Neither the conduct of the previous assessor, nor the alleged neglect of the present assessor can alter the application of the tax assessment laws. If the taxpayer failed to file her application because of her age or mental condition, responsibility for the failure cannot be shifted from the taxpayer and her family *501 to the municipality merely because the previous assessor had voluntarily assisted the taxpayer. That relationship cannot determine the rights of the municipality. The application of principles of estoppel are particularly inappropriate where the collection of taxes by a public body is involved. New Jersey Turnpike Auth. v. Washington Tp., 137 N.J.Super. 543, 552, 350 A.2d 69 (App.Div.1975), aff'd o.b., 73 N.J. 180, 373 A.2d 652 (1977).
It is additionally noted that in the instant case there are two additional co-owners, neither of whom has claimed to be aged or ill, and no reason has been advanced as to why either of them could not have complied with the statutory filing requirements.
Since plaintiffs failed to file a farmland assessment application pursuant to N.J.S.A. 54:4-23.6(c) and -23.13 for the tax year 1990 for the subject property, they may not be granted farmland assessments for that year. Judgments of the Salem County Board of Taxation are affirmed.