**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3390-15T3

UNIVERSITY HEIGHTS, LLC,

    Plaintiff-Respondent,

v.

FRANKLIN LAKES BOROUGH,

    Defendant-Appellant.

_____

Argued May 9, 2017 – Decided  May 26, 2017

Before Judges Rothstadt and Mayer.

On appeal from the Tax Court of New Jersey,
Docket No. 015897-2014.

William T. Smith argued the cause for
appellant (Smith, Crotty, Meyer & Bruins,
attorneys; Mr. Smith, on the briefs).

Michael I. Schneck argued the cause for
respondent (Schneck Law Group, LLC, attorneys;
Mr. Schneck, on the brief).

PER CURIAM

Defendant Franklin Lakes Borough (Borough) appeals from the

decision of the Tax Court invalidating and vacating the Borough's

2013 omitted assessment against property owned by plaintiff University Heights, LLC (University). We affirm for the reasons stated in Judge Kathi F. Fiamingo's March 16, 2016 thorough and well-reasoned written opinion. We add these comments.

University is the owner of property in the Borough located at 100 Sterling Drive (Property), designated as Lot 1 in Block 2514 on the Official Tax Map. University obtained approval to construct ten residential buildings on the Property, each containing ten units. The Borough issued certificates of occupancy for each building constructed by University. Most of the buildings were completed as of October 1, 2007. A certificate of occupancy was issued for University's last building prior to October 1, 2008.

The Borough assessed six of University's ten buildings in 2007. In 2008, University completed construction of the last four buildings. For reasons not entirely clear in the record, the Borough did not make an additional assessment when the last four buildings were completed.

University filed tax appeals, challenging the Borough's 2008 and 2009 regular assessments. The parties resolved these two earlier tax challenges by executing a stipulation of settlement in December 2010 that stated for 2008 and 2009, the assessed value of the Property be "at the fair assessable value of the property

 A-3390-15T3

consistent with assessing practices generally applicable in the taxing district as required by law." The parties also agreed that for 2010, the property's total assessment would be $12,000,000.

In 2011, the Borough conducted a borough-wide reassessment to reflect market conditions of property as of 2010. University's property remained assessed at $12,000,000, the same amount assessed for that year pursuant to the 2010 stipulation.

In 2014, a new tax assessor discovered an error in the Property's assessment. The Borough imposed an "omitted assessment" to include University's last four buildings for the tax year 2013, increasing the Property's value to twenty million dollars.

University appealed the imposition of the omitted assessment to the Bergen County Board of Taxation (Board), which upheld the assessment. University appealed to the Tax Court.

After considering the tax assessor's testimony and the pertinent tax records relating to the property, Judge Fiamingo invalidated the omitted assessment. The judge noted three methods for imposing assessments outside the annual assessment requirements authorized by statute — added assessments, omitted assessments and omitted-added assessments. In this case, the Borough sought to levy an omitted assessment against the Property in accordance with N.J.S.A. 54:4-63.31. The Borough claimed it

utilized the statute's omitted assessment method to assess improvements on the Property, which, through inadvertence, were never included on the Borough's tax records. However, relying on the applicable case law, the judge stated that the omitted assessment procedure may not be used in every circumstance to correct situations where improvements to property were not taxed. See 200 43rd Street, L.L.C. v. City of Union City, 16 N.J. Tax 138, 142 (Tax 1996)(deliberately assessing zero dollars for an improvement cannot be remedied through the omitted assessment procedure); Inwood Owners, Inc. v. Twp. of Little Falls, 216 N.J. Super. 485, 493 (App. Div.), certif. denied, 108 N.J. 184 (1987)(increasing the value of property upon conversion from rental housing to cooperative housing cannot be accomplished by an omitted assessment); SLR Associates of Millville v. Millville City, 11 N.J. Tax 1, 3 (Tax 1989)(omitted assessment cannot be used to correct an alleged clerical error).

Based on the omitted assessment statute and cases interpreting the statute, Judge Fiamingo held that the buildings on the Property were completed as of October 1, 2008, the date on which the Borough's tax assessor set a value for the Property's improvements. Having signed the December 2010 stipulation of settlement resolving the 2008 and 2009 annual assessments for the

Property, the tax assessor knew that all ten buildings were ready for use and had certificates of occupancy.

Based on this information, the judge concluded that the tax assessor "made conscious decisions to value [the Property] in the amounts set forth in those assessments." Quoting Glen Pointe Associates v. Teaneck Township, 10 N.J. Tax 598, 601 (Tax 1989), aff'd, 12 N.J. Tax 127 (App. Div. 1991), Judge Fiamingo noted:

> An assessor's failure to consider the full value of improvements about which he was aware when he placed assessment on those improvements is not an omission, but "is simply an erroneous determination of value on the assessing date," which cannot be corrected through the omitted assessment procedure.

Based upon her findings, she concluded:

> If there was an erroneous determination of value, as urged by the Borough, it may not be corrected through the use of the omitted assessment procedure.

Our review of a Tax Court judgment is limited to whether the Tax Court's determination is supported by substantial credible evidence "with due regard to the Tax Court's expertise and ability to judge credibility." Southbridge Park Inc. v. Bor. of Fort Lee, 201 N.J. Super. 91, 94 (App. Div. 1985) (citing Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474 (1994)). "The scope of appellate review from a determination of the Tax Court is no different from that applicable to a nonjury determination of any

other trial court." <u>G & S Co. v. Bor. of Eatontown</u>, 6 <u>N.J. Tax</u> at 218, 220 (App. Div. 1982).

There is substantial, credible evidence in the record to support Judge Fiamingo's decision. The testimony and documents presented during the trial substantiate her finding that the assessor knew the number of buildings on University's property as of 2010, and intentionally assessed them at the value included in the 2010 stipulation of settlement.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION